## MARJORIE S. LAWSON *v.* ROBERT C. LAWSON.

### No. 2538.

SUBMITTED SEPTEMBER 29, 1943.          DECIDED OCTOBER 12, 1943.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* This is an action for absolute divorce. As ground for divorce the libel alleged the offense defined in the Revised Laws of Hawaii 1935, section 4460, paragraph 8, as amended by Act 27, Session Laws 1935, *i.e.*, "When either party is guilty toward the other of such cruel treatment, neglect or personal indignities, though not amounting to physical cruelty, continued over a course of not less than sixty days, as to render the life of the other burdensome and intolerable and their further living together insupportable." Libelee filed a general denial. The prayer of libel was granted and a decree of divorce entered accordingly. Libelee appealed pursuant to the provisions of the Revised Laws of Hawaii 1935, section 3501, and presents two questions for review: (1) Was libelee given a fair trial? and (2) Is the evidence adduced sufficient to satisfy the requirement of the statute which demands "exact legal proof upon every point," within the meaning of that phrase as employed in Revised Laws of Hawaii 1935, section 4465?

The libelee in his opening brief failed to comply with the provisions of Rule 3-1(c) and (d) of this court requiring, "a concise abstract or statement of * * * the questions involved and the manner in which they are raised," and "a specification of the errors which are relied upon." This, no doubt, results from the failure on the part of the libelee to present or preserve in the court below by appropriate methods the questions presented here. In his opening brief the libelee presents for the first time "the questions involved" but is silent upon "the manner in which they are raised." Nor does he set forth "a specification of the errors which are relied upon."

Due to the character of the action, however, the requirements of the rule are waived and the two questions presented are considered in their order.

(1) No objection was made in the court below to the conduct of the trial. No objection was presented or preserved in the lower court of this ground of review and the objection comes too late when presented for the first time in this court.

(2) In testifying as to his conduct towards her during the sixty days and more preceding the filing of the libel, libelant testified that the libelee was a pervert. The meaning and connotations of the term applied to the libelee are sufficient to support the decree. To authorize a divorce upon the ground alleged, it is sufficient if the course of treatment be of such a character as to render the life of a woman of ordinary sensibility or delicacy of feeling burdensome and intolerable and their further living together insupportable. While there was no direct evidence upon the subject, in the absence of evidence to the contrary, the law will presume that it had that effect.

The decree appealed from is sustained.

*O. P. Soares* for appellant.

*C. B. Dwight* for appellee.